Caldwell, J.
This bill is filed by a portion of the heirs of Samuel Warner, deceased, asking partition of his real estate.
The bill sets forth that several of the heirs have received large advancements in money, and prays that these advancements may be taken into account, and be deducted in the partition of the real estate from the share of such heirs respectively. The statute merely provides for taking into account, on partition, such advancements of real estate as have been made to the heirs. All the principles in this case which can be considered *520 on a bill for partition were decided by this court at the present term, in the case of Administrator of Putnam v. The Heirs of Putnam. It was there decided that our statute did not make provision for an advancement of personal property, and that the court are not authorized by law to notice such advancement.
A question somewhat different from that involved in the other advancements, arises in the case of Oliver L. Read and wife. •At' the time they received their advancement, they gave a receipt to Samuel Warner, the ancestor, for it as a part of their share in the distribution of his estate. It is contended on the part of the petitioners that they are bound by this written contract. Whether the administrator of Samuel Warner or his heirs can take advantage of this contract in another form of action, the court think is not a question properly before them in this application for partition. So far as the present case is concerned we suppose it must stand on the same ground with the other advancements; and that it cannot, more than they, be taken into account in the partition of the real estate.
The case will be remanded to the court’ of common pleas óf Fairfield county for further proceedings.